**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN DOE and JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ATRIUS HEALTH, INC.<br><br>Defendant. | Civil Action No. _________________<br><br>[Superior Court Department of the Trial Court Business Litigation Session Case No. 2384CV02704-BLS1]<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a)** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Atrius Health, Inc. ("Atrius") gives notice of the removal of this action from the Business Litigation Session of the Suffolk County Superior Court, Case No. 2384CV02704-BLS1, to the United States District Court for the District of Massachusetts. In support of its Notice of Removal, Atrius states as follows:

**NATURE OF THE REMOVED ACTION**

1. On October 17, 2022, Plaintiffs John Doe and Jane Doe filed a Class Action Complaint ("Complaint") against Atrius in the Superior Court of Norfolk County, Case No. 2282CV00982. The Complaint included a claim for relief under the Massachusetts Wiretap Act, Mass. Gen. Laws c. 272 § 99 (the "Massachusetts Wiretap Act") as well as four other state law claims, all of which were predicated on Atrius' alleged use of technologies on its public website, www.atriushealth.org (the "Website").

2. This suit is one of at least twenty similar putative class actions lodged against hospitals, healthcare providers, and healthcare systems in federal and state courts in the Commonwealth of Massachusetts, including a second case against Atrius, *see Jane Doe v. Atrius*

*Health, Inc.*, No. 1:25-cv-10020-FDS (D. Mass.) (the "Related Action"), which was originally filed in the Business Litigation Session of Suffolk County Superior Court (the "BLS"), Case No. 2384CV00597-BLS1.

3. On December 23, 2022, Atrius timely removed this case to the United States District Court for the District of Massachusetts, maintaining that removal was proper pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See John Doe, et al. v. Atrius Health, Inc.*, No. 1:22-cv-12196-FDS (D. Mass. Dec. 23, 2022), Doc. 1. Plaintiffs subsequently moved to remand the suit, *see John Doe, et al. v. Atrius Health, Inc.*, No. 1:22-cv-12196-FDS (D. Mass. Mar. 30, 2023), Doc. 23, and the Court granted that motion on October 20, 2023, *see John Doe, et al. v. Atrius Health, Inc.*, No. 1:22-cv-12196-FDS (D. Mass. Oct. 20, 2023), Doc. 41.

4. In the weeks that followed, Atrius moved with Plaintiffs' assent to transfer this suit from the Superior Court of Norfolk County to the BLS so that it could be consolidated with the Related Action as well as to stay all case deadlines pending their consolidation. *See John Doe, et al. v. Atrius Health, Inc.*, No. 2284CV00982, (Mass. Super. Ct., Norfolk Cnty.), Doc 33. That motion was granted, and this case was accepted into the BLS soon thereafter. *See John Doe, et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super. Ct., Suffolk Cnty., Nov. 22, 2023), Doc. 30. Prior to the cases' consolidation, however, Plaintiffs in this action elected to amend their complaint as a matter of right. *See John Doe, et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super. Ct., Suffolk Cnty., Dec. 12, 2023) Doc. 31 (the "Amended Complaint").

5. Meanwhile, the BLS denied motions to dismiss filed in two parallel suits asserting claims under the Massachusetts Wiretap Act against other hospital defendants. *See Vita v. Beth Israel Deaconess Med. Cntr., Inc.*, No. 2384CV00480-BLS1 (Mass. Super. Ct., Suffolk Cnty. Oct. 31, 2023), Doc. 17, and *Vita v. New England Baptist Hosp.*, No. 2384CV00857-BLS1 (Mass.

Super. Ct., Suffolk Cnty. Oct. 31, 2023), Doc. 16. The BLS reported these decisions for interlocutory review to the Massachusetts Appeals Court pursuant to Mass. R. Civ. P. 64(a). *See id*. And on January 17, 2024, the Massachusetts Supreme Judicial Court granted the hospital defendants' application for direct appellate review, which proceeded as *Vita v. Beth New England Hospital et al.*, No. SJC-13542 (the "*Vita* Appeals").

6. Atrius then moved with Plaintiffs' assent to stay both cases pending resolution of the *Vita* Appeals and pending the subsequent consolidation of the two cases. *See Doe et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super Ct., Suffolk Cnty., Jan. 30, 2024), Doc. 33; *Doe v. Atrius Health, Inc.*, No. 2384CV00597-BLS1 (Mass. Super. Ct., Suffolk Cnty., Jan. 22, 2024), Doc. 23. Both motions were soon granted. *See Doe et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super Ct., Suffolk Cnty., Jan. 30, 2024), Doc. 33-1; *Doe v. Atrius Health, Inc.*, No. 2384CV00597-BLS1 (Mass. Super. Ct., Suffolk Cnty., Jan. 24, 2024), Doc. 23-1.

7. On October 24, 2024, the Massachusetts Supreme Judicial Court issued its decision in *Vita v. New England Baptist*, 494 Mass. 824 (2024), reversing the BLS's denial of the motions to dismiss in those cases. Rescripts issued on November 27, 2024. *See Vita v. Beth Israel Deaconess Med. Cntr., Inc.*, No. 2384CV00480-BLS1 (Mass. Super. Ct., Suffolk Cnty. Nov. 27, 2024), Doc. 22.

8. A few days later, on December 5, 2024, the complaint in the Related Action was amended to include for the first time a claim under the federal wiretap statute, 18 U.S.C. § 2510 *et seq*. (the "Federal Wiretap Act"), and on January 3, 2025, Atrius removed that case to this Court. *See Jane Doe v. Atrius Health, Inc.*, No. 1:25-cv-10020-FDS (D. Mass. Jan. 3, 2025), Doc. 1. That case was then stayed pending consolidation with this suit upon its then-anticipated removal to

federal court. *See Doe v. Atrius Health, Inc.*, No. 1:25-cv-10020-FDS (D. Mass. Feb. 5, 2025), Doc. 13 (granting assented-to motion to stay proceedings pending consolidation).

9. On March 14, 2025, Plaintiffs amended their complaint for the second time in this action. *See John Doe, et al. v. Atrius Health, Inc.*, No. 2384CV02704-BLS1 (Mass. Super. Ct., Suffolk Cnty., Mar. 14, 2025), Doc. 36 ("Second Amended Complaint" or "SAC"). The Second Amended Complaint abandoned Plaintiffs' claim under the Massachusetts Wiretap Act, and in its place, asserted a claim under the Federal Wiretap Act. It also preserved Plaintiffs' other state law claims set forth in the Amended Complaint. *See* SAC ¶¶ 243-313.

10. Atrius understands that the parties in this matter and the Related Action anticipate coordinating with one another to consolidate the suits following removal of this case to federal court.

**BASIS FOR REMOVAL**

11. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

12. Federal courts have original jurisdiction over civil actions arising under federal statutes pursuant to 28 U.S.C. § 1331. Further, 28 U.S.C. § 1367(a) provides that courts may exercise supplemental jurisdiction over state law claims that "derive from a common nucleus of operative facts" as federal claims. *See Lanciani v. Allstate Ins. Co.*, 2023 WL 6172457, at *3 (D. Mass. Sept. 22, 2023) (explaining that supplemental jurisdiction "exist[s] over all state-law causes of action that 'derive from a common nucleus of operative fact'" as a federal law claim "'or are

such that they would ordinarily be expected to be tried in one judicial proceeding'") (citation omitted).

13. Here, the Court has original jurisdiction over Count I of the Second Amended Complaint, which asserts a claim under the Federal Wiretap Act. *See* 28 U.S.C. § 1331. Plaintiffs' remaining claims all relate to the same factual allegations that undergird their federal claim: Atrius's alleged use of technologies on the Website. *Compare* SAC ¶¶ 223-42 (Count I) *with id.* ¶¶ 243-313 (Counts II through V). Therefore, the Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**PROCEDURAL REQUIREMENTS**

14. All the procedural requirements for removal under 28 U.S.C. § 1446 are satisfied.

15. Atrius is filing this Notice of Removal within thirty days of its receipt of the Second Amended Complaint on March 14, 2025. 28 U.S.C. § 1446(b)(3); *see Romulus v. CVS Pharma., Inc.*, 770 F.3d 67, 74 (1st Cir. 2014) (explaining that the thirty-day deadline in "Section 1446(b)(3) does not apply until removability can first be ascertained from the plaintiffs' own papers").

16. This Court is the federal court that encompasses the BLS, where the suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 101 and 1441(a).

17. Atrius has attached hereto a copy of the Second Amended Complaint and all other publicly available filings from the BLS docket as Exhibits 1-36.

18. Upon filing this Notice, Atrius will promptly "give written notice thereof to all adverse parties," and will "file a copy of the notice with the clerk" of the BLS, as required under 28 U.S.C. § 1446(d), and will also file certified or attested copies of the State Court record, in accordance with Local Rule 81.1(a) of the United States District Court for the District of Massachusetts.

**WHEREFORE**, Notice is given that this action is removed from the BLS to the United States District Court for the District of Massachusetts.

Dated: March 21, 2025

Respectfully submitted,

*/s/ Anthony E. Fuller*

Anthony E. Fuller (BBO # 633246)
Kayla H. Ghantous (BBO # 709197)
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
Telephone: (617) 371-1000
Facsimile: (617) 371-1037
anthony.fuller@hoganlovells.com
kayla.ghantous@hoganlovells.com

Allison Holt Ryan*
Adam A. Cooke (BBO # 679637)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
allison.holt-ryan@hoganlovells.com
adam.a.cooke@hoganlovells.com

**Pro hac vice application forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025, a copy of the foregoing document was filed electronically and served on counsel of record by email.

*/s/ Anthony E. Fuller*
Anthony E. Fuller